Dear Ms. Cangelosi:
This office is in receipt of your request for an opinion of the Attorney General in regard to voter identification at the precinct prior to voting. You note that R.S. 18:562(C) and18:1309(E) requires a voter to sign the precinct register prior to voting, and that the commissioners compare the voter's signature on the precinct register with his signature on the picture identification when the voter has submitted a picture identification. With respect to these requirements you ask the following questions:
 1. Is a voter required to sign his name on the precinct register exactly as it appears on the precinct register?
 2. If the answer to Number 1 is yes, what action should be taken by the commissioners if the voter fails to sign his signature exactly as it appears on the precinct register?
 3. Is the signature on the picture identification, when the voter has submitted a picture identification, required to be exactly the same as it appears on the precinct register"? Also, is a woman who is registered using "Mrs." with her husband's name (i.e., Mrs. John Smith", when submitting a picture identification, required to show a picture identification that has a signature using "Mrs." with her husband's name?
 4. If the answer to the questions in Number 3 is yes, what action should be taken by the commissioners when the signature is not the same?
We find that the answer to your first question can be determined by the provisions of R.S. 18:562 relative to the prerequisites for a person who desires to vote. The statute sets forth that he shall give his name and address to the commissioner, and identify himself by "a Louisiana driver's license, a Louisiana special identification card * * *, or other generally recognized picture identification card." However, it is further provided if the applicant does not have one of these items of identification, he "shall sign an affidavit, which is supplied by the secretary of state to that effect before the commissioners who shall attach it to the precinct register, and the applicant shall provide further identification by presenting his current registration certificate, giving his date of birth or providing other information stated in the Precinct register that is requested by the commissioners." The commissioners then determine if the applicant's name is in the precinct register and, if not, contacts the registrar of voters. Then, if the applicant is able to sign his name, "he shall sign in ink in the space for his signature on the precinct register", and "when the applicant has submitted picture identification to the commissioners, the applicant's signature shall be compared to his signature on the picture identification." Finally, if the commissioner is "satisfied that the applicant has identified himself as the voter named on the precinct register and that he is qualified to vote", the voter "shall be allowed to vote."
We do not find from a reading of the pertinent statutory provisions that a voter is mandated to sign his name exactly as it appears on the precinct register. The voter who can "sign his name" is required to "sign in ink in the space for his signature", and the signature is to be "compared to his signature on the picture identification". Consequently, the statute simple requires "he sign in ink in the space for his signature", and not that it be identical in form to that used on the precinct register. The comparison may extend to the handwriting as well as the form of the name signed.
We find support for this conclusion by the fact that the signature is compared to that on the picture identification which may not be identical in form to that on the precinct register. We do not find the law requires the signature on the picture identification be identical and recognize that an individual may often use a shortened version of his given name for his signature. We also note that the statute permits a voter to sign an affidavit when he does not have picture identification and this signature may not be identical in form to that on the precinct register. However, more significant is that the obvious intent of the statute is that the commissioner be satisfied that the applicant has identified himself as the voter named on the precinct register. It is commonly recognized that a name such as "Bill" is often used in place of "William" or an individual may regularly use his middle name, but it is the task of the commissioner to be satisfied that this is the same person.
Similarly, with regard to absentee voting, we find under R.S.18:1309(D) the requirement that the registrar establish the voter's identity by requiring him to submit his current Louisiana driver's license, registration certificate or other identification card by comparison with the descriptive information on the precinct register, or as provided in R.S.18:105(A), and then the voter is given the ballot, and ballot envelope and the voter "shall sign the precinct register prior to executing the absentee ballot".
Accordingly, we would again conclude that whether or not the voter's signature is identical to that as it appears on the register, the same is not required in order to permit the completion of the absentee vote when the voter's identity is established.
The reasoning in answer to your first question is applicable to your third question with regard to whether the signature on a picture identification is required to be exactly the same as it appears on the precinct register. We find the statute merely demands the "signature" be compared, and that the commissioner be satisfied that the applicant has identified himself as the voter named on the precinct register. While the satisfaction as to identity may be more difficult to reach if the signature offered for identification is not identical in form to the precinct register, we do not find the signature on the picture identification is required by law to be exactly the same as it appears on the precinct register. All that is required is that the commissioner is satisfied that the applicant is one and the same as the voter named on the precinct register.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR